The parties to these proceedings have stipulated and agreed as follows:

1. That the merchandise consists of instruments and cases which were held by the Court in Abstract 60048 to be subject to appraisement separately according to the value of each class of article.

2. That the market value or the price of the instruments and cases herein at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States was as set forth below.

[Statistical listing of market values or prices was here set forth.]

3. That there was no higher foreign value.

4. That the instant case may be submitted ton [sic] the foregoing stipulation.

Upon the agreed facts, I find that export value, as that value is is defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), is the proper basis for determining the value of the calipers, micrometers, and so forth, with wooden or leather cases, covered by the remands of protests enumerated in the attached schedule, and that such value is as indicated in paragraph 2 of the above-quoted stipulation.

I further find such values to be the proper dutiable values of said merchandise.

Judgment will issue accordingly.

(V. D. 72)

MANUFACTURERS STEEL CORP. ET AL. *v.* UNITED STATES

Entry No. 911448, etc.

(Decided April 3, 1958)

*John D. Rode* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The causes of action enumerated in the schedule, attached to and made part of this decision, arose by virtue of a judgment by the second division of this court in *Homestrand, Inc., et al.* v. *United States*, 36 Cust. Ct. 470, Abstract 60012, wherein the matters were remanded to a single judge sitting in reappraisement, pursuant to the provisions of title 28, U. S. C. § 2636 (d).

The parties hereto have stipulated and agreed as follows:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court as follows:

1. That the merchandise consists of instruments and cases which were held by the Court in Abstract 60012 to be subject to appraisement separately according to the value of each class of article.

2. That the market value or the price of the instruments and cases herein at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States was as set forth below.

[Statistical listing of market values or prices was here set forth.]

3. That there was no higher foreign value.

4. That the instant case may be submitted on the foregoing stipulation.

Upon the agreed facts, I find that export value, as that value is defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), is the proper basis for determining the value of the gauges, calipers, and micrometers, with wooden or leather cases, covered by the remands of protests enumerated in the attached schedule, and that such value is as indicated in paragraph 2 of the above quoted stipulation.

I further find such values to be the proper dutiable values of said merchandise.

Judgment will issue accordingly.